## Supreme Court of Pennsylvania.

## In re Estate of SARAH PETERMAN, Deceased.

An assignor for benefit of creditors, reserving the benefit of the Exemption Act, is entitled to select out of what property he pleases. The appraisers of the assigned estate must appraise what he retains. It is not laches for him to wait until the sale of realty in which he had an undivided interest, and then claim his exemption out of its proceeds.

Appeal of Lewis Peterman from the decree of the Orphan's Court of York county in the matter of the distribution, &c., real estate of Sarah Peterman, deceased.

Opinion delivered July 2d, 1874, by

Williams, J. This was a proceeding in the Orphan's Court for the distribution of the fund arising from the sale of the real estate of Sarah Peterman, deceased. The sale was made by a trustee under an order of the court, in proceedings in partition, and, upon the settlement and confirmation of his account an auditor was appointed to distribute the balance of the money in his hands. The appellant, Lewis Peterman, was entitled, as son and heir at law of the decedent, to the one undivided sixth part of the estate of which she died seized. But before the sale by the trustee, he made a voluntary assignment, for the benefit of his creditors, of all his real and personal estate, "except, however, so much as may be exempted by the laws of this commonwealth from levy and sale on execution and distress for rent, to be selected by the said Lewis Peterman, and appraised for the use of himself and family, according to the law." He selected certain personal property which was appraised at $99.88, and set apart for his use. The residue of the estate, with the exception of his interest in the land out of which the fund for the distribution arose, was sold by the assignee and the proceeds distributed among the creditors. On the hearing before the auditor, the appellant claimed that he was entitled to so much of his share of the fund as would with the appraised value of the property which he had elected to retain, amounting to the sum of three hundred dollars, but the auditor distributed the whole of his share to the assignee, and the court confirmed his report. Is the appellant then entitled to the portion of the fund he claims? It is clear that he is, unless his right to it was divested by the deed of the assignment. Whether it was or not, depends upon the construction to be given to the exception in the deed. He had the undoubted right to reserve for the use of himself and family, property to the value of three hundred dollars. His right to except it out of the assignment is founded on the Exemption Act of the 9th of April, 1849, but his right to it as against the assignee, depends upon the exception of the deed. It is true that the deed does not specify or define the property

intended to be excepted, but leaves it to be excepted by the assignor. But his right of selection is not confined to any particular description of property, nor is it subject to any condition whatever; and his right to the property, when selected, is as perfect as if it had been specially excepted out of the assignment. It is to be appraised in order to ascertain and determine its value, and not for the purpose of enabling the assignor to exercise the right of selection. His right to select the amount, to which he is entitled under the exception, out of any part of his estate, does not depend upon its previous appraisement; and if it did, the appraisement is not to be made under the Exemption Act, as ruled by the court below, but under the provisions of the act relating to assignors for the benefit of creditors, by the appraisers appointed by the Court of Common Pleas to appraise the assigned estate. It is manifest that there can be no appraisement of the property selected by the assignor under the provisions of the Exemption Act. The appraisement, for which it provides, can only be made by appraisers chosen by the sheriff, constable or other officer charged with the execution of a warrant, or writ for the levy and sale of the debtor's property. But the appraisers of the assigned estate must necessarily fix the value of what the assignor proposes to keep, else they cannot assess what the assignee is to account for: Mulford v. Shirk, 2 Casey, 475. But where the assignor elects to receive the amount to which he is entitled in money no appraisement is necessary. To appraise money is to count, and counting answers all the purpose of appraisement: Latimer's Appeal, 12 Casey, 130.

If then the appellant had the right to elect that, the residue of the amount excepted from the assignment, should be paid him out of the fund for distribution, as he undoubtedly had, and if no demand of an appraisement under the exemption law was necessary in order to enable him to exercise the right, it is clear that he was guilty of no laches in making the election. He claimed that the residue of the amount, to which he was entitled, should be paid out of the fund as soon as he had the right to demand and receive it. He had an undivided interest, as already suggested, in the land out of which it arose. It was not in his possession when he made the assignment, and it was not converted into money by the act of his assignee, but by the order of the Orphan's Court, because partition of it could not be made among the heirs. As soon as his right to the fund attached he asserted his claim to it, and as he had not parted with his right to the amount which he claimed, he was clearly entitled to it as against the assignee. The Orphan's Court was, therefore, in error in not awarding to the appellant the sum of two hundred dollars and twelve cents out of the fund for distribution, and directing the residue of the share in controversy, viz: the sum of sixty-two dollars and ninety-nine cents, to be paid to the appellee. The decree con-

firming the auditor's report must be reversed, and the record remitted to the Orphan's Court, with instructions to enter a decree in conformity with this opinion. The costs of this appeal to be paid by the appellee out of the portion of the fund decreed to him.

Decree accordingly.